UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

REVEREND BECK,
f/k/a David Wayne Vanderbeck,

Petitioner,

v.

DAVID CRIST,

Respondent.

Civil No. 01-1167 (DWF/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that the petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota. He is serving a 30-year prison sentence that was imposed in 1993 following his guilty plea and conviction on a charge of second degree murder. See State v. Vanderbeck, No. C6-94-1034 (Minn.App. 1995), 1995 WL 34843 (unpublished opinion).

---

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JUL 05 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ________
DEPUTY CLERK'S INITIALS ________

Petitioner allegedly suffers from disabling health problems that require regular medical attention. He apparently believes that Minnesota prison officials have violated his rights under the Eighth Amendment by not providing him with adequate medical care, and by not taking adequate steps to accommodate his special disability-related needs. He previously raised his Eighth Amendment claims in a habeas corpus action in the state courts, which was brought under Minn.Stat. §§ 589.01 et seq. Beck v. Crist, CX-00-477 (Minn.App. 2000), 2000 WL 995006 (unpublished opinion), review denied, September 13, 2000. Both the trial court and the Minnesota Court of Appeals considered Petitioner's Eighth Amendment claims on the merits, and found that he did not have a valid claim. Id.

Petitioner is now asking the federal court to review the manner in which the state courts handled his state habeas corpus proceeding. He claims that he has been deprived of his right of access to the courts, because the state courts denied the Eighth Amendment claims that he raised in his state habeas petition. In his own words --

> "petitioner alleges that by the Minnesota court's [sic] no longer recognizing Minnesota Statues [sic] 589 (Habeas Corpus) the state has in all effect restricted its prisoners from being able to address the court's [sic] with constitutional questions regarding 'cruel and unusual punishments'...."

(Petition, [Docket No. 1], p. 7.)

As far as the Court can tell, Petitioner is asking for some type of broad declaratory judgment, which would compel the state courts to grant relief to all Minnesota prisoners (including Petitioner himself) who bring valid Eighth Amendment claims under the state's habeas corpus statute. For the reasons discussed below, the Court concludes

that such relief cannot be granted in this action.

## II. DISCUSSION

The federal habeas corpus statutes provide a remedy to state prisoners who seek to challenge the fact or duration of their confinement on federal constitutional grounds. 28 U.S.C. § 2254. See also Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). A state prisoner who is not directly challenging the constitutionality of his confinement per se is not eligible for federal habeas relief. Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). As our Court of Appeals has clearly explained –

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (emphasis added).

In this case, Petitioner is not challenging either the validity of his conviction or the length of his sentence. He is challenging only the manner in which he is being treated as a prisoner. He is not asking the federal court to expedite his release from custody; he is asking the court to validate the constitutional rights he retains as a prisoner. In short, he is not challenging the fact or duration of his confinement, but rather, he is challenging the conditions of his confinement.

According to Kruger, (and Otey), the federal habeas corpus statutes do not provide a remedy for the type of claim that Petitioner is attempting to bring here. The

Court will therefore recommend that the instant petition be summarily dismissed.

Because Petitioner's claims cannot be entertained here, those claims will not be adjudicated on the merits. It will therefore be recommended that this action be dismissed without prejudice.[2]

Finally, the Court notes that Petitioner's habeas corpus petition was accompanied by a motion for appointment of counsel. (Docket No. 2.) Because Petitioner has failed to plead an actionable habeas corpus claim, it will be recommended that his motion for appointment of counsel be denied.

---

[2] Because Petitioner's present claims cannot properly be addressed on the merits here, he will still have the option of raising those claims in a federal civil rights action brought under 42 U.S.C. § 1983. However, several serious flaws in Petitioner's claims are readily apparent from just a cursory review of his petition. Thus, Petitioner will undoubtedly be wasting his time, energy and money if he actually attempts to raise his current claims in a future federal civil rights action.

First, it appears that Petitioner will be unable to sustain his denial-of-access-to-the-courts claim, because it is based on a false premise -- namely that the Minnesota state courts refused to consider his Eighth Amendment claims on the merits. In fact, it is evident that both the trial court and the Minnesota Court of Appeals did consider (and reject) Petitioner's Eighth Amendment claims on the merits. Beck, 2000 WL 995006 at *2 ("The [state] district court found that Beck 'has had adequate access to medical care.' Nothing in the record contradicts this finding, or even suggests that it is wrong.") Furthermore, even if Petitioner were barred from raising his Eighth Amendment claims under Minnesota's habeas corpus statute, he still would have a state court remedy for constitutional misconduct by state prison officials, because such claims can be raised in a state court § 1983 action. See e.g., Haavisto v. Perpich, 520 N.W.2d 727, 732-34 (Minn. 1994) (acknowledging state prisoner's Eighth Amendment rights, but denying relief because of qualified immunity defense). Finally, it appears that under the doctrine of res judicata, (now often referred to as "claim preclusion"), the judgment entered in Petitioner's state habeas case will bar him from raising his current Eighth Amendment claims in federal court. See Kruger, 77 F.3d at 1074 (noting that civil rights claim raised in a habeas petition would have been barred by the doctrine of claim preclusion, even if the claim had been raised in a proper manner -- i.e., in a § 1983 complaint, rather than a habeas petition).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be summarily **DISMISSED WITHOUT PREJUDICE**; and

2. Petitioner's "Motion For Appointment Of Counsel," (Docket No. 3), be **DENIED**.

Dated: July 5, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before July 20, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.