**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

BECK, Civil No. 01-1167 (DWF/JMM)

Petitioner,

v. **MEMORANDUM AND ORDER**

DAVID CRIST,

Respondent.

---

Beck, Pro Se, #154970, Minnesota Correctional Facility, 970 Pickett Street North, Bayport, MN 55003-1490, Petitioner.

Darrell C. Hill, Assistant Ramsey County Attorney, 50 West Kellogg Boulevard, Suite 315, St. Paul, MN 55102-1657, Respondent.

---

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging the conditions of his confinement in a Minnesota state prison. The matter was assigned to Magistrate Judge John M. Mason, who recommended that Petitioner's habeas corpus petition be dismissed without prejudice, because Petitioner was not contesting the fact or duration of his confinement. (Report and Recommendation ("R&R") dated July 5, 2001 (Doc. No. 4).) Petitioner filed objections to the R&R (Doc. No. 5), which prompted this Court to conduct a *de novo* review of the case. By order dated August 9, 2001 (Doc. No. 6), the Court overruled Petitioner's objections, adopted the R&R, and held that the action should be dismissed.

On August 15, 2001, Petitioner filed a "Notice of Appeal" (Doc. No. 8), which the Clerk of Court construed to be a "Motion For Certificate of Appealability" (Doc. No. 9), as well as a

FILED AUG 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

notice of appeal. For the reasons discussed below, the Court finds that Petitioner is not entitled to a Certificate of Appealability in this matter.

**DISCUSSION**

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 119 S. Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

In this case, Petitioner is not entitled to a COA because he has no claim that warrants appellate review. The Magistrate Judge who reviewed Petitioner's habeas corpus petition

determined that Petitioner was challenging only the conditions of his confinement, not the fact or duration of his confinement. The Magistrate Judge also determined that Petitioner's conditions-of-confinement claims cannot be raised in a habeas corpus proceeding, but only in a civil rights action. The Court has agreed with those determinations. (*See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*) ("[w]here petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ"). Finally, the Magistrate Judge concluded, and this Court again agreed, that Petitioner's habeas corpus petition should be dismissed without prejudice, so that Petitioner could still attempt to raise his conditions-of-confinement claims in a proper proceeding–*i.e.*, a civil rights action.

After reviewing the record in this case once again, the Court remains fully satisfied that Petitioner's habeas corpus petition was properly denied. There is nothing debatable about the disposition of the petition, and the Court finds no reason to believe that any other court–including the Eighth Circuit Court of Appeals–could decide this case any differently than it was decided here. Thus, the Court concludes that Petitioner is not entitled to a COA in this matter.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Petitioner's Motion for a Certificate of Appealability (Doc. No. 9) is **DENIED**.

Dated: August 17, 2001.

DONOVAN W. FRANK
Judge of United States District Court